**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WALTER RENE CASTELLANOS-MONZON,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW G. WHITAKER, Acting Attorney General,<br><br>Respondent. | No.   15-72434<br><br>Agency No. A071-602-585<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2018[**]
Pasadena, California

Before:  RAWLINSON and BEA, Circuit Judges, and BASTIAN,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Walter Rene Castellanos-Monzon ("Castellanos-Monzon"), a citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal. The BIA adopted and affirmed the Immigration Judge's (IJ) decision denying his applications for relief under the Nicaraguan Adjustment and Central American Relief Act (NACARA), asylum and withholding of removal, and request for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the denial of relief on adverse credibility grounds. The IJ must provide "specific cogent reasons" for adverse credibility findings, and the reasons set forth must be "substantial and must bear a legitimate nexus to the finding." *See Lopez-Reyes v. I.N.S.*, 79 F.3d 908, 911 (9th Cir. 1996). The IJ gave specific cogent reasons for its adverse credibility finding here: the Asylum Officer (AO) testified credibly; Castellanos-Monzon's daughter was fluent in English and Spanish; he indicated he did not have any trouble understanding his daughter; a monitor was present who was listening to the interview; his testimony was read back to him at the conclusion of the interview; the nature of the inconsistencies were too great to attribute to misunderstanding or miscommunication; and finally, Castellanos-Monzon explained at the hearing that he had only observed people being subjected to electric shocks or having a bag

2

placed over their heads, contradicting his prior statements. Those reasons were specific, cogent, and provide substantial evidence to support the IJ's credibility determination.

Because we uphold the IJ's credibility determination, Castellanos-Monzon's admission that he participated in the persecution of others supports the United States' prima facie case that the persecutor bar applies in this case. *See* 8 U.S.C. § 1158(b)(2)(A)(i) (barring persecutors from asylum), § 1231(b)(3)(B)(i) (barring persecutors from withholding of removal); 8 C.F.R. § 1240.66(a) (barring persecutors from special rule cancellation of removal). Moreover, Castellanos-Monzon failed to meet his burden of proving that he did not engage in the persecution of others. *See* 8 C.F.R. § 1240.8(d) (when the "evidence indicates" that the persecutor bar "may apply," the burden shifts to the alien to establish that it does not apply by a preponderance of the evidence). And the IJ's conclusion that Castellanos-Monzon failed to establish past persecution or that he had a well-founded fear of future persecution is supported by the record; there is no evidence of torture to support his CAT claim.

Finally, Castellanos-Monzon failed to exhaust his claim before the BIA that his due process rights were violated. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (noting that a petitioner's failure to raise an issue before the BIA

deprives this court of jurisdiction to consider the issue). As such, we lack jurisdiction to consider his due process claims.

**PETITION DENIED.**